**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David DOLIVEK, Defendant–Appellant.**

**No. 12–50106.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2013.*

Filed Feb. 22, 2013.

Vicki Chou, Assistant U.S., Vicki Chou, Assistant U.S., Curtis A. Kin, Esquire,

---

* The panel unanimously concludes this case is     suitable for decision without oral argument.

Assistant U.S., Office of The U.S. Attorney, Los Angeles, CA for Plaintiff–Appellee.

Jonathan D. Libby, Esquire, Deputy Federal Public Defender, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, KLEINFELD, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Appellant David Dovilek, convicted of possession of child pornography, argues that the district court abused its discretion when it modified the conditions of his supervised release to permit computer use but with a requirement for keystroke monitoring. We disagree.

We recognize that keystroke monitoring is more intrusive than mere Internet monitoring and not appropriate in every case. *See United States v. Quinzon,* 643 F.3d 1266, 1273 (9th Cir.2011). However, Dolivek's illicit computer use involved more than just online activities. He ran a commercial child pornography distribution business. In addition, he created his own child pornography videotapes. A former web designer, Dolivek is a sophisticated computer user who had the knowledge, software, and experience to avoid detection of more criminal misuse of his computer, if keystroke monitoring was not imposed. Because keystroke computer monitoring is reasonably related to the specific circumstances of Dolivek's offense and individual

*See* Fed. R.App. P. 34(a)(2).

characteristics, and the need to protect the public, the district court did not abuse its discretion. *See United States v. Rearden,* 349 F.3d 608, 621 (9th Cir.2003).

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.